FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

## COMPLAINT

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR 26 2017
ARTHUR JOHNSTON
BY ________ DEPUTY

Bell 7700061839
(Last Name) (Identification Number)

Kendrick Marques
(First Name) (Middle Name)

Hinds County Detention Center (Raymond)
(Institution)

1450 County Farm Rd. Raymond, Ms. 39154
(Address)

(Enter above the full name of the plaintiff, prisoner and address of plaintiff in this action)

V. CIVIL ACTION NUMBER: 3:17cv302-DPJ-FKB
(to be completed by the Court)

Sheriff Victor Mason

Warden Mary Rushing

Captain Leon Shields

Hinds County Board of Spervisers (et al) (Hinds County Sheriff Dept.) (State of Ms.)

(Enter the full name of the defendant(s) in this action)

## GENERAL INFORMATION

A. At the time of the incident complained of in this complaint, were you incarcerated?
Yes ( ✓ ) No ( )

B. Are you presently incarcerated?
Yes ( ✓ ) No ( )

C. At the time of the incident complained of in this complaint, were you incarcerated because you had been convicted of a crime?
Yes ( ) No ( ✓ )

D. Are you presently incarcerated for a parole or probation violation?
Yes ( ) No ( ✓ )

E. At the time of the incident complained of in this complaint, were you an inmate of the Mississippi Department of Corrections (MDOC)?
Yes ( ) No ( ✓ )

F. Are you currently an inmate of the Mississippi Department of Corrections (MDOC)?
Yes ( ) No ( ✓ )

**PARTIES**

(In item I below, place your name and prisoner number in the first blank and place your present address in the second blank.)

I. Name of plaintiff: Kendrick Marques Bell Prisoner Number: 7700061839

Address: 1450 County Farm Rd. Raymond, Ms. 39154

(In item II below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use the space below item II for the names, positions and places of employment of any additional defendants.)

II. Defendant: Sheriff Victor Mason is employed as Sheriff of Hinds County at Hinds County Detention Center

The plaintiff is responsible for providing his/her address and in the event of a change of address, the new address of plaintiff as well as the name(s) and address(es) of each defendant(s). Therefore, the plaintiff is required to complete the portion below:

PLAINTIFF:

| NAME: | ADDRESS: |
| --- | --- |
| Kendrick Marques Bell | 1450 County Farm Rd. Raymond, Ms 39154 |

DEFENDANT(S):

| NAME: | ADDRESS: |
| --- | --- |
| Sheriff Victor Mason | 1450 County Farm Rd. Raymond, Ms. 39154 |
| Warden Mary Rushing | 1450 County Farm Rd. Raymond, Ms. 39154 |
| Captain Leon Shields | 1450 County Farm Rd. Raymond, Ms. 39154 |
| Hinds County Board of Supervisors (et Al) | 1450 County Farm Rd. Raymond, Ms. 39154 |

## OTHER LAWSUITS FILED BY PLAINTIFF

**NOTICE AND WARNING**
**The plaintiff must fully complete the following questions. Failure to do so may result in your case being dismissed.**

A. Have you ever filed any lawsuits in a court of the United States? Yes ( ✓ ) No ( )

B. If your answer to A is yes, complete the following information for each and every civil action and appeal filed by you. (If there is more than one action, complete the following information for the additional actions on the reverse of this page or additional sheets of paper.)

CASE NUMBER 1.

1. Parties to the action: Sheriff Victor Mason, Warden Mary Rushing, Captain Travis Crain, Carlos Tillman, Matthew Templeton, Nurse Bobreshia McDaniels

2. Court (if federal court, name the district; if state court, name the county): United States District Court For Ms. Northern Division (Southern District)

3. Docket Number: 3:16-cv-718-WHB-JCG

4. Name of judge to whom case was assigned: Magistrate Judge John C. Gargiulo

5. Disposition (for example: was the case dismissed? If so, what grounds? Was it appealed? Is it still pending?) Case was dismissed by plantiff due to negotation by Captain Leon ~~Shields~~ Shields et, al. (plantiff was forced to write dismissal and was told to write "I was not threatened")

CASE NUMBER 2.

1. Parties to the action: ______________________

2. Court (if federal court, name the district; if state court, name the county): ______________________

3. Docket Number: ______________________

4. Name of judge to whom case was assigned: ______________________

5. Disposition (for example: was the case dismissed? If so, what grounds? Was it appealed? Is it still pending?) ______________________

## STATEMENT OF CLAIM

III. State here as briefly as possible the facts of your case. Describe how each defendant is involved. Also, include the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of different claims, number and set forth each claim in a separate paragraph. (Use as much space as you need; attach extra sheet(s) if necessary).

On April 5, 2017 - Captain Leon Shields approached me stating that per Sheriff Victor Mason and Warden Mary Rushing - If I were to dismiss my pending lawsuit (K.B. [redacted]) against the Sheriff and the Warden, that I would be granted immunity on all charges and pending charges. Also - that I would not be harmed. Me or my younger brother Michael Taylor. After writing the exact words on the form of dismissal that were said by Captain Leon Shields, I wrote those exact word's. The next day of April 2017 (April 6) I was told to come out of my cell and pass out breakfast trays. Once I exited, I was stabbed 3 times by Inmate Javondus Beasley.

## RELIEF

IV. State what relief you seek from the court. Make no legal arguments. Cite no cases or statutes.

The Relief that I seek from the court will be to sue (Hinds County) (Sheriff Victor Mason); (Board of Sepervisors) (et al) for the sum of $500,000 for physical assault from a stabbing and mental ~~stress~~ and emotional stress.

Signed this 6th day of April, 2017.

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Kendrick Bell
Signature of plaintiff

To: United States Dept. of Justice
From: Kendrick Bell # 7700061839
Date: April 6, 2017
RE: Memorandum

U.S. Dept. of Justice,

The Hinds County Sheriff Dept. Et. Al - Knew of such danger on my life. After being summoned from case: 3:16-CV-00718-WHB-JCG - and reading motion of discovery - gave everyone Knowledge of these danger risks. So yes, I have shown the court(s) that prison/jail personnel "Knew" of and disregarded an excessive risk to inmate health or safety. Case ~~3:16~~ 3:16-cv-00718-WHB-JCG made officials aware of "facts" from which inference could be drawn that a substantial risk of serious harm exists. So, why after I was approached by Cpt. Leon Shields on April 5, 2017 to drop my pending lawsuit - said by Sheriff Victor Mason and Warden Mary Rushing that I would receive immunity from all charges (1st degree murder, shooting into an occupied vehicle, convicted felon with a firearm) and all pending charges if any - and that no harm would be done to me or my younger brother Michael Taylor - Why after the paper's were signed was I stabbed by an inmate who I've been housed with for over (3) months - the very next day on April 6, 2017? Because these are just actions to support "facts" in my case number 3:16-cv-00718-WHB-JCG when I exposed the fact that inmates are paid contraband to assault and or kill other inmates by the authorities who run the Hinds County Detention Center. The attempt on my life was premeditated and calculated due to on April 5 2017 after I signed the dismissal statement -, I was stabbed by Javendus Beasley on April 6, 2017. No coincidence. The Hinds County Sheriff Department is trying to have me murdered due to their close connection with Frank Miller (the Father K.B. [redacted] of said victim Teletha Burks in murder case) - and they are afraid of more exposure of illegal activities that I have been forced to do while being in

the custody of the Hinds County Sheriff Department.

Respectfully Submitted,

Kendrick Bell

4-6-2017

To: U.S. Dept. of Justice
From: Kendrick Bell # 7700061839
Date: April 6, 2017
RE: Memorandum / Claims

1.) (Noting award of $392,000 for permanent injury that limited plantiff's future ability to work.) Miller v. Shelby County, 93 F. Supp. 2d 892, 902 (W.D. Tenn. 2000) (Awarding $40,000 for impairment of the right shoulder, a scalp puncture wound, and a frozen right shoulder, headaches, and blurred vision.) (I was stabbed (3) times and have suffered right shoulder injuries from assault)

2.) Of course, even if they didn't know about the risk at the time of a particular assault, they will presumably know about it after being sued over it and will know about it in the future. Madrid v. Gomez, 889 F. Supp. 1146, 1269-70 (N.D. Cal. 1995)

(In Eighth Amendment cases, this means you must show that prison personnel "knew" of and disregarded an excessive risk to inmate health or safety; the official must be aware of fact's from which inference could be drawn that a substantial risk of serious harm exist's and he must also draw the inference. In pending case 3:16-cv-00718-WHB-JCG it was stated clearly that personnel "knew" of and dis-regarded an excessive risk to inmate health or safety. Pertaining to civil case 3:16-cv-00718-WHB-JCG - The official(s) were indeed aware of "fact's" from which inference could be drawn that a substantial risk of serious harm exist's.) Negligence in permitting an assault may constitute a tort under state law. Tort claims based on inmate assault are discussed in § G.1 of this chapter.

3.) Chapter 4 entitled "lighting" under Conditions of Confinement states: "Lighting is an indispensable aspect of adequate shelter and is required by the Eighth Amendment. I have complained about having to live in a cell with no working light's on 9-22-16, case number 3:16-cv-00718-WHB-JCG Document 7 filed 9-27-16 page 2 of 5. Now here it is the year

← continue on back →

of 2017 and I am still forced to live under very poor conditions of my confinement here in the custody of the Hinds county Sheriff Department Toussaint v. McCarthy, 597 F. Supp. 1388, 1409 (N. D. Cal. 1984) "Each inmate must be afforded sufficent light to permit him to read comfortably while seated or lying on his bunk" 135 F. 3d 1318 (9th Cir. 1998); Gates v. Cook, 376 F. 3d 323 341-42 (5th Cir. 2004) (affirming injunction requiring 20 foot candles of lighting in cells, based on evidence that lighting was grossly inadequate for sanitation, personal hygiene, and reading.) (Due to me being forced to live under such horrible conditions - I have suffered from eye strainage, severe migranes that have caused me to be put on high blood pressure medication by Quality Correctional Health Care personnel.) Every defect in lighting is unconstitutional. Miss. Code Ann. § 47-1-27 (2016) "Maltreatment Forbidden". "An official, or guard, or other employee, having the custody of any county prisoner, or any official or employee of the county having custody of any county prisoner, who shall maltreat or abuse any such convict, or who shall knowingly permit the same to ~~do~~ be done, or who being under duty to provide sufficient and wholesome food, clothing, shelter bathing facilities, or medical attention to such convict, shall willfully, fail to furnish the same to such convict, shall be deemed guilty of a ~~mid~~ misdemeanor, and on conviction shall be fined in any sum not less than Ten Dollars ($10.00) nor more than Five Hundred Dollars ($500.00), or shall be imprisoned not less than one (1) month, or shall suffer both such fine and imprisonment, in the discretion of the court, and it shall be the duty of the judge of the circuit court of such county to so charge the grand jury."

4.) Hazardous Conditions (Personal Safety Chapter 2 Conditions of Confinement See, e.g. Inmates of the Allegheny County Jail v. Wecht, 874 F. 2d 147, 154 (3d Cir. 1989) antiquated heating system that would channel smoke and fumes to cells, lack of a sprinkler system, faulty wiring, unreliable locking system contributed to a finding that the jail as a whole was unconstitutional and must be closed.) Jones v. City and County of San Francisco, 976 F. Supp. 896, 908-09 (N.D. Cal. 1997) (Lack of fire-rated doors, lack of sprinklers in critical areas, use of flammable mattresses combustible storage, lack of staff for evacuation, deteriorating electrical system): I have been living in a cell with no sprinkler and the dangerous wires hanging from the ceiling where there "used" to be a light. The hanging wires are a danger to me and is also a fire hazard.

"Claims" (continued)

(4) "Hazardous Conditions (continued) - Toussaint v. McCarthy, 597 F. Supp. 1388, 1410 (N.D. Cal. 1984) (defective electrical wiring and lack of evacuation procedures presented unconstitutional fire hazards." White v. Cooper, 55 F. Supp. 2d 848, 858 (N.D. Ill. 1999) ("The absence of fire safety and prevention devices, which are necessary in a correctional facility to notify staff that a fire has started and to aid in the evacuation, of smoke, is an obvious risk of serious harm.") Under Conditions of Confinement Personal Safety (3.) entitled Hazardous Conditions (a.) "Fire Safety" it states: "Prisoners have the right not to be subjected to the unreasonable threat of injury or death by fire and need not wait until actual casualties occur in order to obtain relief from such conditions."

5.) Conditions of Confinement Chapter 2 entitled: (C) Sanitation and Personal Hygiene states: "A sanitary environment is a basic human need that a penal institution must provide for all inmates. The Eighth Amendment requires adequate arrangements for cleaning and garbage disposal. Prisons must also have functioning plumbing systems. Inoperable plumbing systems contribute to both the risk of conveying water borne disease's and vermin infestation, and implicate constitutional violations. Court's have found serious deficien--cies in plumbing to violate the Eighth Amendment, both in indiv--idual housing locations and in prisons or units as a whole. I have been forced to shower in a shower area that has an Inoperable plumbing system that contribute to both the risk of conveying water borne disease's and vermin infestation.

*All claims mentioned are supported strongly. Therefore the relief requested for mentioned claims asked for by plaintiff Hendrick Marques Bell will be to sue named defendant(s) and/or et. Al and/or Hinds County as a whole, and/or Hinds County Board of Supervisors, and/or State of Mississippi, as a whole and as amended in the amount of $500,000* (pertaining to Federal and or state law, deliberate indifference and/or negligence, respondeat Superior, and/or municipalities, et. Al. Respectfully Submitted, Hendrick Bell

To: U.S. Department of Justice
From: Kendrick Bell #7700061839
Date: April 6, 2017
RE: Memorandum

Dept. of Justice,

As you all are aware - I (Kendrick Marques Bell) had a pending case in the U.S. District Court Southern District of Ms. Case: 3:16-CV-00718-WHB-JCG. In this particular case load - documents are written up by me clearly stating my life being in immediate danger by the guards and the inmates due to the victims Father (Frank Miller) in my pending murder case has paid Sheriff Victor Mason et Al - to make sure that I (Kendrick Marques Bell) be Killed while in the custody of the Hinds County Sheriff Department. Also, more documents were submitted to the Southern District of Ms. Frank Miller has a contract with the Hinds County Sheriffs Department to patrol and secure the church grounds that Frank Miller attends which is Mount Nebo Church on Lynch St.

(See)

Chapter 2: Conditions of Confinement

(G) - Personal Safety (1) Protection From Inmate Assault

The Constitution requires prison and jail officials to provide "reasonable safety" for prisoners. They must protect them from assault by other inmates and from unreasonable hazardous living and working conditions, and must refrain from subjecting them to the unnecessary and excessive use of force.

Mere negligence or carelessness do not violate the constitution. Instead, you must show that prison officials displayed "deliberate indifference" or "reckless disregard" for safety by failing to "act reasonably" in response to danger. In Eighth Amendment cases, this means you must show that prison personnel "knew" of and dis-regarded an excessive risk to inmate health or safety; the official must be aware of facts from which inference could be drawn that a substantial risk of serious harm exists, and he must

also draw the inference.

Of Course, even if they didn't Know about the risk at the time of a particular assault, they will presumably Know about it after being sued over it and will Know about it in the future. Madrid v. Gomez, 889 F. Supp. 1146, 1269-70 (N. D. Cal. 1995)

Respectfully Submitted, Kendrick Bell